EMMA OVERHOLSER, Appellant, v. HOLGER CHRISTENSEN, ET AL., Appellees.

**Landlord and tenant:** LIEN FOR RENT AS AGAINST THIRD PARTIES. Where a tenant voluntarily sells property upon which his landlord has a lien for rent and with the proceeds pays a note to another on which a third party is liable as his surety, without any knowledge by the surety of the transaction or that the rent had not been paid, the landlord cannot recover of the surety the amount so paid or compel him to account therefor.

*Appeal from Tama District Court.*— HON. OBED CASWELL, Judge.

FRIDAY, JANUARY 18, 1907.

ACTION in equity alleging a conversion of personal property on which plaintiff claims to have had a landlord's lien, and for an accounting. There was a decree in favor of the defendant Holger Christensen, and plaintiff appeals.— *Affirmed.*

*Struble & Stiger,* for appellant.

*J. R. Caldwell* and *J. W. Lamb,* for appellees.

BISHOP, J.— Plaintiff is the owner of a farm situated in Tama county. In November, 1902, by writing, she leased the same to the defendant C. F. Christensen for the term beginning March 1, 1903, and ending March 1, 1904. The rent agreed upon was the sum of $500, and for this two promissory notes were given, each for $250, one by its terms to be due November 1, 1903, and the other February 1, 1904. Said C. F. Christensen entered into possession pursuant to said lease, and took and had upon the premises the personal property concerning which question is made in this action.

In the fall of 1893, said C. F. Christensen applied to the First National Bank of Toledo for a loan of $600 declaring that he wanted the money to pay his rent. The bank offered to make the loan on condition that the defendant Holger Christensen would sign the note as surety. Upon being approached, Holger consented to sign the note on condition that a chattel mortgage should be given him by C. F., covering the personal property on the farm, to secure him against loss or damages arising out of his suretyship. This was done; the note was made to the bank signed by both defendants, and the money paid to C. F. Christensen; the mortgage was executed in favor of Holger Christensen and left with the bank for his benefit. It appears that the rent notes were at the time in the Toledo Savings Bank and C. F. Christensen, as he says, went to that bank to pay and take up such notes. Just what occurred at the savings bank on the occasion of his visit is the subject of some controversy. Christensen says he went in and called for his rent notes and gave to the cashier $520; that the latter gave to him two notes which he took and left the bank; that after leaving he examined the notes and discovered that instead of being the rent notes they were two others that the savings bank held against him. He says that he concluded to let the matter stand as it was, and did not go back to the bank. The cashier says that nothing was said as to the particular notes desired to be paid, and that without objection he applied the money on another of Christensen's obligations to the bank. Holger Christensen was not advised that the rent notes had not been paid out of the money borrowed of the First National Bank. In December, 1903, C. F. Christensen advertised a sale of his personal property, including the property mortgaged to Holger, at public vendue. This he did without notice to or consulting with Holger. It seems that the latter learned from other sources of the impending sale, and went to the First National Bank and asked Dexter, the cashier, to look after his security. Dexter attended the sale and acted as clerk. A portion of

the mortgaged property was sold and there came into the hands of Dexter the sum of $393.50, which, with the consent and by direction of C. F. Christensen, he applied in part payment of the $600 note.   In respect of what was so done, it does not appear that Holger Christensen was even advised prior to the commencement of this action.   The action is brought to have an accounting for and to recover the amount of money so received and credited to the benefit of Holger Christensen, and which were proceeds of the sale of property on which plaintiff had a landlord's lien.   The defendants originally answered jointly, and therein they admitted the execution of the mortgage, and admitted that some of the property mortgaged and sold at the sale was subject to the landlord's lien of plaintiff.   The circumstances of the making of the mortgage is then pleaded, and this is followed by an allegation that, out of the moneys borrowed and for which Holger became surety, the rent due plaintiff was fully paid. All other allegations of the petition are denied.   Thereafter the defendant C. F. Christensen further answered separately, and therein pleaded that the moneys derived from the sale of the mortgage chattels in the sum of $393.50 were by him and in his own right applied to the payment of the $600 note given to the National Bank and on which Holger was surety.   He further pleaded the pendency on issue joined of an action brought against him by plaintiff to recover rent, and that such action was aided by a landlord's attachment.

We can see no grounds for a recovery in this action as against Holger Christensen.   Conceding that plaintiff had a landlord's lien on the property sold by C. F. Christensen at the sale — and defendants did not deny this in evidence nor do they in argument — still, this does not afford ground upon which to base a recovery against Holger Christensen.   It is not claimed that he was guilty of conversion in taking the mortgage, and it could not well be so.   He did not advise or order the sale, and the evidence shows that he was not

present thereat.    And his request made to the cashier of the National Bank to look out for his interests could not be distorted into an authority to commit conversion.    The sale was not under the mortgage, and it was not for Holger to interfere therewith on plaintiff's account, or with the payment by C. F. Christensen to the bank of any portion of the proceeds thereof.    The latter was paying his own debt, not that of Holger, and this he did on his own motion, and, as far as appears, without knowledge — much less consent or co-operation — on the part of Holger.    Conceding, also, that the rights of plaintiff based on her lien were not destroyed by the fact of the sale of the property, and that she may follow the proceeds, still she must confine her pursuit to the person who received the same.    It can require no authority to make it clear that she cannot devote her attack to one whose position was simply that of a surety on a note which her tenant, acting independently, saw fit to pay off with the money derived by him as the proceeds of such sale.

Upon the announcement of a denial of judgment as against Holger Christensen, the plaintiff elected to ask no judgment against C. F. Christensen.

We conclude that there was no error, and the judgment is *affirmed*.